IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

CHERYL GORDON, individually }
and in a representative }
capacity on behalf of a class }
of all persons similarly } CIVIL ACTION NO.
situated, }
}  01-AR-2741-J
    Plaintiff, }
}
v. }
}
PURDUE PHARMA, L.P., et al., }
}
    Defendants. }

FILED
01 NOV 27 AM 10:51
H.D. ... COURT
...AMA

ENTERED
NOV 27 2001

## MEMORANDUM OPINION

    The court has before it a motion to remand filed on November 7, 2001, by plaintiff, Cheryl Gordon, who sues individually and as a "would be" class representative in the above-styled case, which was removed from the Circuit Court of Walker County by the diverse defendants pursuant to 28 U.S.C. §1332.

    This court is not equipped to accurately predict whether or not an Alabama trial court will find specious and/or unmanageable a class action in which the class representative seeks to represent a small subclass that targets a specific doctor who allegedly committed malpractice by prescribing or over-prescribing the medication that was used by a much larger putative class which complains against defendants who manufactured or distributed it. On motion to remand, the only question for this court to decide is whether a viable claim has been stated or can be stated against the non-diverse defendant, Dr. Bradley, who was the treating physician



of the named plaintiff, Cheryl Gordon. The removing defendants necessarily aver that this non-diverse defendant was fraudulently joined.

Counsel for defendant, Abbott Laboratories, makes a credible argument that plaintiff's claim against Dr. Bradley cannot be joined with her class claim against the manufacturer and distributor. To agree with Abbott Laboratories would be to trespass on the prerogatives of the state court. Counsel for defendant, Purdue Pharma, makes a credible argument that a cause of action has not been stated against Dr. Bradley. Counsel's alternative suggestion that the malpractice claim against Dr. Bradley be severed and separately remanded is intriguing but unprecedented. The correct approach to the concept of fraudulent joinder under 28 U.S.C. §1332 analysis need not here be elaborated. It is very well stated by Judge Thompson in *Wright v. Metropolitan Life Insurance Co.*, 74 F. Supp. 2d 1150 (M.D. Ala. 1999), a case with which counsel for Abbott Laboratories is familiar.

Because retaining jurisdiction would be tantamount to the granting of a motion to dismiss by Dr. Bradley, the non-diverse defendant, who has not filed such a motion, and because this court is unwilling to find that a claim has neither been stated nor can be stated against Dr. Bradley (even though the state court may eventually agree with the defendants, who now speak vicariously for Dr. Bradley) plaintiff's motion to remand will be granted by separate order.

DONE this 27th day of November, 2001.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE